## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **VINCENT REED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File** |
| **v.** | ) | **No. _____** |
| | ) | |
| **ALLCONNECT, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Vincent Reed (hereinafter "Mr. Reed"), Plaintiff in the above-styled matter, by and through undersigned counsel, and hereby files this lawsuit against AllConnect, Inc. (hereinafter "AllConnect"), showing as follows:

## Jurisdiction and Venue

1.

Mr. Reed brings this action against AllConnect for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 ("FLSA"), which authorizes employees to institute civil actions in Court to recover damages for an employer's failure to pay minimum wages and overtime wages as required by the FLSA. Additionally, Mr. Reed also brings this action for breach of contract and for prejudgment interest pursuant to O.C.G.A. § 13-6-13.

2.

This Court has jurisdiction over Mr. Reed's federal claims pursuant to 28 U.S.C. § 1331, in that this is an action arising under the laws of the United States. This Court has supplemental jurisdiction over Mr. Reed's state law claims pursuant to 28 U.S.C. § 1367.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and (c), in that AllConnect is a Delaware corporation with its principal place of business located within the Northern District of Georgia, Atlanta Division, and all of the events giving rise to this cause of action occurred within the Northern District of Georgia, Atlanta Division.

**The Parties**

4.

Mr. Reed resides in Atlanta, Georgia (within this District) and is a citizen of the United States.

5.

AllConnect is a Delaware Corporation with its principal office located at 4 Concourse Parkway, Suite 410, Atlanta, Georgia 30328-6199. AllConnect regularly does business in the State of Georgia and may be served through its

registered agent, David Wilson, 4 Concourse Parkway, Suite 410, Atlanta, Georgia 30328-6199.

6.

AllConnect is an enterprise engaged in commerce or in the produced of goods for commerce as defined by § 203(s) of the FLSA.

7.

AllConnect is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

8.

At all relevant times, Mr. Reed was an "employee" of AllConnect within the meaning of FLSA, 29 U.S.C. § 203(e)(1).

9.

At all relevant times, Mr. Reed was a non-exempt employee entitled to minimum wages and overtime compensation within the meaning of FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

10.

The minimum wage and overtime provisions set forth in §§ 206 and 207 of the FLSA apply to AllConnect.

## The Facts

11.

From early August, 2012 through February 2, 2014, Mr. Reed was employed by AllConnect.

12.

From early August, 2012 through August 31, 2013, AllConnect agreed to pay Mr. Reed at the rate of $11.00 per hour.

13.

From September 1, 2013 through February 2, 2014, AllConnect agreed to pay Mr. Reed at the rate of $12.00 per hour.

14.

At all relevant times, Mr. Reed was a non-exempt employee for purposes of overtime compensation.   As such, AllConnect was obligated to pay Mr. Reed one and one-half times his hourly rate for all hours worked in excess of forty (40) hours per week.

15.

Throughout his employment with AllConnect, Mr. Reed frequently worked in excess of forty (40) hours per week.

16.

AllConnect failed to properly compensate Mr. Reed for all hours, including overtime, worked.

17.

AllConnect did not make a good faith effort to comply with the FLSA with respect to its compensation of Mr. Reed.

18.

Before filing this Suit, Mr. Reed tried to resolve these claims with AllConnect. Mr. Reed, through counsel, sent a letter seeking to resolve the matter without litigation.   AllConnect acknowledged receipt of the letter, through counsel, but refused to pay Mr. Reed the unpaid compensation due him.

19.

Mr. Reed retained undersigned counsel to represent him in this action and has incurred costs and reasonable attorneys' fees.

20.

As a result of the foregoing, Mr. Reed files this suit, seeking earned but unpaid overtime wages, earned but unpaid wages, attorneys' fees and costs, and pre-judgment interest.

**<u>Count I: Violations of FLSA, 29 U.S.C. § 207: Failure to Pay Overtime</u>**

21.

Mr. Reed incorporates Paragraphs 1 through 20 of this Complaint, as if set forth fully herein.

22.

AllConnect failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, with respect to Mr. Reed.

23.

By failing to properly pay Mr. Reed for all hours worked in excess of forty (40) hours per week, AllConnect violated the overtime provisions of the FLSA, 29 U.S.C. § 207.

24.

AllConnect is liable to Mr. Reed for compensation for any and all time Mr. Reed worked in excess of forty (40) hours per week at the rate of at least one and one-half times his regularly hourly rate as required by the FLSA.

25.

By failing to properly pay overtime compensation to Mr. Reed in accordance with §§ 203 and 207 of the FLSA, AllConnect willfully, intentionally, knowingly, and/or recklessly violated the FLSA.

26.

As a result of AllConnect's violations of the FLSA, Mr. Reed is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 216.

## Count II: Violation of FLSA, 29 U.S.C. § 206: Failure to Pay Minimum Wages

27.

Mr. Reed incorporates Paragraphs 1 through 26 of this Complaint, as if set forth fully herein.

28.

AllConnect failed to meet the requirements for any of the exemptions from application of the minimum wage compensation requirements of the FLSA, with respect to Mr. Reed.

29.

By failing to properly pay Mr. Reed minimum wages, AllConnect has violated the FLSA, 29 U.S.C. § 206.

30.

AllConnect is liable to Mr. Reed for minimum wage compensation for any and all time Mr. Reed worked as required by the FLSA.

31.

By failing to properly pay minimum wages to Mr. Reed in accordance with §§ 203 and 206 of the FLSA, AllConnect willfully, intentionally, knowingly, and/or recklessly violated the FLSA.

32.

As a result of AllConnect's violations of the FLSA, Mr. Reed is entitled to damages, including, without limitation, unpaid wages, liquidated damages, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 216.

**Count III: Breach of Contract**

33.

Mr. Reed incorporates Paragraphs 1 through 32 of this Complaint, as if same were set forth fully herein.

34.

AllConnect failed to compensate Mr. Reed for all hours worked as agreed.

35.

AllConnect breached its contract with Mr. Reed by not compensating Mr. Reed for all time worked.

36.

As a result of AllConnect's breach, Mr. Reed is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

## **Prayer**

WHEREFORE, Mr. Reed prays for the following relief:

(a)    That AllConnect be served with process and be required to answer this lawsuit;

(b)    For a trial by a jury;

(c)    For a Judgment in favor of Mr. Reed and against AllConnect for overtime pay, minimum wage, other unpaid compensation, pre-judgment interest, and liquidated damages;

(d)    For an award of litigation expenses and costs, including attorneys' fees; and

(e)    For such other and further relief as this Court deems just and proper.

Respectfully submitted this <u>10th</u> day of April, 2014.

**COHAN LAW GROUP, LLC**

***/s/ Louis R. Cohan***

_____

LOUIS R. COHAN
Georgia Bar No. 173357
*Attorneys for Plaintiff*

3340 Peachtree Road, NE, Suite 580
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com